UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD BOASTON, | ) | CASE NO. 3:22-cv-854 |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WARDEN TOM WATSON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation (Doc. No. 12 ("R&R")) of Magistrate Judge Darrell A. Clay, recommending that this Court deny petitioner Ronald Boaston's ("Boaston") writ of habeas corpus petition under 28 U.S.C. § 2254. (Doc. No. 1 (Petition).) Boaston filed objections to the R&R. (Doc. No. 13 (Objections).) Respondent filed neither a response to Boaston's objections, nor his own objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted a de novo review of the matters raised in the petitioner's objections. For the reasons discussed herein, Boaston's objections to the R&R are OVERRULED, the R&R is ACCEPTED, and Boaston's petition is DISMISSED.

**I.  BACKGROUND[1]**

The R&R sets forth the factual and procedural history of this case in detail. Boaston does not dispute the magistrate judge's recitation of the facts and procedural history, and the Court accepts the magistrate judge's summary, as if rewritten herein. (*See* Doc. No. 12, at 2–13.[2])

---

[1] The R&R contains a more detailed recitation of the factual and procedural background in this case, to which Boaston does not object. (*See* Doc. No. 12, at 2–14.) This Court includes only the factual and procedural background pertinent to Boaston's objections to the R&R.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Nonetheless, the Court will provide enough background information to put Boaston's objections in context.

Boaston was indicted in April 2014 for two counts of murder: one pursuant to Ohio Rev. Code §§ 2903.02(A) and 2929.02, and the other pursuant to Ohio Rev. Code §§ 2903.02(B) and 2929.02. (Doc. No. 7-1 (Record), at 5–7.) The murder charges stemmed from the death of Boaston's ex-wife, Brandi Goynes-Boaston ("Brandi"). At trial, the state presented the testimony of deputy coroner Dr. Scala-Barnett. *See State v. Boaston*, 153 N.E.3d 44, 50–51 (Ohio 2020) ("*Boaston I*"). As relevant to this petition, Dr. Scala-Barnett testified to Brandi's approximate time of death, and to her opinion that a bruise on Brandi's chin matched the imprint of the buckle on Boaston's winter gloves. *Id.* The state did not notify Boaston of Dr. Scala-Barnett's intent to offer an opinion on these subjects, as required by Ohio Criminal Rule 16(K). *Id.* Also relevant to this petition, the state offered the testimony of Brandi's mother, Cindy Goyner-Rumer ("Cindy"). *See See State v. Boaston*, 100 N.E.3d 1002, 1015–16 (Ohio Ct. App. 2017) ("*Boaston II*"). Cindy testified to an incident in which Brandi told her that Boaston attempted to drown her in a bathtub. *Id.* Both Cindy's testimony and the testimony of Dr. Scala-Barnett were admitted by the trial court.

Following a trial in an Ohio state court, a jury found Boaston guilty of both counts of murder. (Doc. No. 7-1, at 24.) At sentencing, the trial court merged the murder counts and the state elected to proceed to sentencing on Count 1. (*Id.* at 25.) Boaston was sentenced to 15 years to life imprisonment on September 28, 2015. (*Id.*) Boaston pursued various appeals in state court, including a direct appeal and a petition for postconviction relief, before filing the present federal habeas petition. (*See generally id.*)

Boaston's petition raises five grounds for relief: (1) "Constitutional Right to Disclosure of Evidence," claiming that "[t]he State failed to provide an expert report from the deputy coroner's

2

office 21-days before the criminal trial"; (2) "Due process of Law," combining several arguments regarding the admission of certain evidence at trial; (3) "Effective Assistance of Counsel," claiming his "[t]rial counsel was Ineffective due towards State presenting Dr. Barnett's opinion testimony without presenting prior disclosure"; (4) "DNA Evidence," regarding the use of "unknown DNA" evidence; and (5) "Request for Court-Appointed Expert Witness Fees," claiming "the State of Ohio refused to grant him the assistance of an expert witness" and that the state's expert witness "failed to provide written reports[.]" (Doc. No. 1, at 5–12.) In the R&R, magistrate judge determined that each of these grounds are procedurally defaulted. (Doc. No. 12, at 23–34.)

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

3

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III.   OBJECTIONS

Boaston's objections lack clarity, as they are comprised entirely of a request that this Court "[p]lease review" portions of opinions from his previous cases. As best the Court can discern, Boaston's objections are two-fold, and relate to the portions of the R&R discussing Boaston's second ground for relief—namely, that his rights to due process were violated.

However, neither objection offers any analysis of how or why Boaston believes the R&R is in error, nor do they appear to rise beyond a statement of "disagreement with the magistrate's suggested resolution[.]" As such, they are not proper objections and, therefore, are overruled on this basis alone. *Aldrich*, 327 F. Supp. 2d at 747. Nevertheless, the Court will attempt to address each of Boaston's objections as best it can.

####    A.   Objection Relating to Coroner's Testimony

Boaston first asks the court to "review" Justice Stewart's partial concurrence from his direct appeal to the Supreme Court of Ohio. (Doc. No. 13, at 2 (citing *State v. Boaston*, 153 N.E.3d

4

44 (Ohio 2020).) Specifically, Boaston appears to quote (he does not actually use quotation marks) the following section of Justice Stewart's opinion:

> I agree with the majority that it was error to admit the deputy coroner's testimony regarding Brandi Gonyer-Boaston's ("Brandi") time of death and the similarity between an abrasion found under Brandi's chin and the buckles on the gloves of appellant, Ronald Boaston ("Boaston"). However, because I find that the erroneous admission of that evidence had a substantial impact on the jury's verdict and that the remaining evidence failed to establish Boaston's guilt beyond a reasonable doubt, I dissent from the majority's conclusion that the error was harmless.

*Boaston I*, 153 N.E.3d at 59. Boaston does not explain how this quote should be interpreted as an objection to the R&R but, given that the evidentiary issues discussed in this quote are only relevant to Boaston's second ground for relief, the Court construes Boaston's reference to Justice Stewart's partial concurrence as arguing that the magistrate judge incorrectly found that his second ground for relief was procedurally defaulted as it pertains to Dr. Scala-Barnett's testimony. However, Justice Stewart's opinion as to whether the admission of certain evidence was harmless does not challenge the R&R's finding that ground two is procedurally defaulted. Boaston's only arguments relating to the glove buckle on direct appeal concerned the trial court's application of Ohio Criminal Rule 16(K). *See Boaston II*, 100 N.E.3d at 1012–13. Boaston did not suggest that the issue might have a constitutional component until he filed his petition for postconviction relief, where he argued that the state violated his rights under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963) by failing to disclose Dr. Scala-Barnett's opinion regarding the glove buckle. *See State v. Boaston*, No. L-17-1278, 2021 WL 463653, at *9 (Ohio Ct. App. Jan. 26, 2021) ("*Boaston III*").

To be cognizable on habeas review, a claim must be fairly presented to the highest state court through the state's "ordinary appellate review procedure[.]" *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48, 119 S.Ct.

5

1728, 144 L.Ed.2d 1 (1999)); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Thus, fair presentation requires the petitioner to raise his on-the-record constitutional claim before the trial court, court of appeals, and the Supreme Court of Ohio on direct review. *Williams*, 460 F.3d at 806. Additionally, the petitioner must have advanced the constitutional claim "under the same theory" before all levels of state court, as well as the federal court. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (citation omitted).

Boaston did not raise a constitutional claim regarding Dr. Scala-Barnett's testimony until his petition for postconviction relief. Instead, he pursued theories under state law. But, as noted by the Ohio court of appeals, Boaston's *Brady* claims were available from the outset. *See Boaston III*, 2021 WL 463653, at *9 ("Here, Boaston and his trial counsel clearly knew about the state's belated disclosure of Dr. Scala-Barnett's [testimony] at the time of trial. But Boaston did not pursue the issue of a *Brady* violation in his direct appeal[.]"). Boaston's failure to present his constitutional claims to the Supreme Court of Ohio on direct appeal amounts to a failure to fairly present these issues and results in his procedurally defaulting these claims. Boaston does not claim any cause for the default, nor does he argue that the Court's failure to consider these claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Accordingly, the Court finds no error in the magistrate judge's analysis.

### B. Objection Relating to Hearsay

Similar to his first objection, Boaston's second objection consists entirely of directing the Court to a portion of an opinion from his prior cases. Specifically, Boaston quotes the following passage from the Sixth District's opinion in his direct appeal:

> The record does not indicate that Brandi's visit to her mother occurred under the stress or excitement caused by the event. Rather, it occurred "about two weeks"

> before Brandi died. Thus, Cindy's hearsay statement about the bathtub incident was inadmissible under Evid. R. 803(2). We further note that the reasons or basis behind a victim's fearful state of mind are not admissible under Evid. R. 803(3). *See State v. Ahmed*, 103 Ohio St. 3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 74.

*Boaston II*, 100 N.E.3d at 1016. This quotation appears to relate to another argument in Boaston's second ground for relief, where he argues that the trial court violated his due process rights by admitting "other acts & hearsay evidence characterizing defendant as hostile towards victim." (Doc. No. 1, at 7.) Boaston does not explain how this quotation relates to the R&R's finding that his second ground for relief is procedurally defaulted.

The Court finds no error in the magistrate judge's analysis. Boaston brought this portion of his second ground for relief, nearly verbatim, as his fourth assignment of error before the Sixth District Court of Appeals on direct appeal. *Boaston II*, 100 N.E.3d at 1015. The Sixth District upheld the trial court's ruling, finding that any error in admitting Cindy's statements regarding the bathtub incident would not have changed the outcome of the trial. *Id.* at 1016. However, Boaston abandoned this claim on his appeal to the Supreme Court of Ohio, where, as discussed above, his sole assignment of error pertained to the application of Ohio Criminal Rule 16(K). *Boaston I*, 153 N.E.3d at 47. As stated above, to be cognizable on habeas review, a claim must be fairly presented to the highest state court through the state's "ordinary appellate review procedure[.]" *Williams*, 460 F.3d at 806. Accordingly, Boaston's abandonment of this argument during the appeals process constitutes a procedural default. *Id.*; *see also O'Sullivan*, 526 U.S. at 848; *Mosley v. Petro*, No. 5:04-cv-726, 2006 WL 2640958, at *7 (N.D. Ohio Sept. 13, 2006) ("A petitioner procedurally defaults those claims that he fails to appeal to the Ohio Supreme Court."). Boaston does not argue cause or prejudice for his default, nor does he argue that a failure to consider these claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Accordingly, the magistrate judge properly determined that Boaston's claim is procedurally defaulted.

## IV. CONCLUSION

For the reasons provided, Boaston's objections to the R&R (Doc. No. 13) are OVERRULED. The R&R (Doc. No. 12) is ACCEPTED, and Boaston's petition is DISMISSED. Further, for all the same reasons, the Court finds that reasonable jurists would not debate the Court's decision. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. 22(b).

**IT IS SO ORDERED**.

Dated: August 5, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**